# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL F. JENNINGS,<br><br>            Plaintiff,<br><br>    v.<br><br>AUDREY KING, et al.,<br><br>            Defendants. | Case No. 1:15-cv-00840-SAB<br><br>ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF COULD BE GRANTED |

Plaintiff Jennings is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1]

Plaintiff, a civil detainee housed at Coalinga State Hospital, brings this civil rights action against Dr. A. Azizian, Chief Psychologist at Corcoran State Hospital and Audrey King, Executive Director of Coalinga State Hospital. Plaintiff claims that the Sexually Violent Predator Act under which he is being held is unconstitutional.

**I.**

**COMPLAINT**

Plaintiff's complaint essentially alleges that Plaintiff was civilly committed pursuant to Civil Commitment Petition filed by the Shasta County District Attorney pursuant to California

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on June 12, 15 (ECF No. 5.)

1

Welfare and Institutions Code § 6600. The petition alleged that Plaintiff met the criteria of a person who has been convicted of sexually violent offenses and who has a diagnosed mental disorder that makes him a danger to the health and safety of others, in that it is likely that Plaintiff will engage in sexually violent criminal behavior after completing his term of imprisonment. The allegations in the petition were found to be true by a jury, and Plaintiff was civilly recommitted indefinitely in to custody at Coalinga State Hospital. The balance of the complaint is a recitation of civil commitment procedures. Plaintiff's claims that the Sexually Violent Predator Act is facially invalid because detainees are denied the right to petition for unconditional release. Plaintiff also claims that the post-commitment review procedures are unconstitutional.

## II.

## ANALYSIS

### A. Original Commitment

The relevant procedures used to civilly detain sexually violent predators in the state of California are codified in Sections 6600 through 6609.3 of the California Welfare and Institutions Code. Under Section 6601, the California Department of Corrections and Rehabilitation can refer an inmate that may be a sexually violent predator for an evaluation. Cal. Welf. & Inst. Code § 6601(a)(1). After an initial screening, the individual is referred to California Department of State Hospitals (CDSH) for a full evaluation to determine whether the individual meets the criteria set forth in Section 6600. Cal. Welf. & Inst. Code § 6601(b)-(c). The individual is examined by two psychiatrists or psychologists and if both professionals agree that the individual has a diagnosed mental disorder such that he or she is likely to engage in acts of sexual violence without appropriate treatment, the CDSH forwards a request for a petition for commitment under Section 6602. Cal. Welf. & Inst. Code § 6601 (d). The county that receives the request may file a petition for commitment in the state superior court. Cal. Welf. & Inst. Code § 6601 (I).

A judge from the superior court reviews the petition and determines whether there is probable cause to believe that the individual is likely to engage in sexually violent predatory

1  criminal behavior upon his or her release. Cal. Welf. & Inst. Code § 6602(a). At the probable
2  cause hearing, the individual is entitled to the assistance of counsel. Id. If there is probable
3  cause, a trial is conducted to determine whether the individual is a danger to the health and safety
4  of others by reason of a diagnosed mental disorder and is likely to engage in acts of sexual
5  violence upon release. Id. The individual is entitled to the assistance of counsel, the right to
6  retain experts or professional persons to perform an examination on his or her behalf, and the
7  right to have access to all relevant medical and psychological reports. Cal. Welf. & Inst. Coe §
8  6603(a). Indigent individuals have the right to appointed counsel and assistance in obtaining an
9  expert or professional to perform an examination. Id. Individuals also have a right to demand a
10 trial by jury. Cal. Welf. & Inst. Code § 6603(b). A unanimous verdict is required in any jury
11 trial. Cal. Welf. & Inst. Code § 6603(f). The relevant burden of proof that must be met whether
12 the individual, beyond a reasonable doubt, is a sexually violent predator. Cal. Welf. & Inst.
13 Code § 6604.

### B. Post Commitment Proceedings

A person civilly committed under the SVPA is committed to an indeterminate term. Cal. Welf. & Inst. Code § 6604-6604.1. While confined, "[t]he person shall be evaluated by two practicing psychologists or psychiatrists, or by one practicing psychologist and one practicing psychiatrist, designated by the Department of State Hospitals." Cal. Welf. & Inst. Code § 6604.1. Additionally, the provisions of Section 6601(c) – (i) and the rights, requirements, and procedures set forth in Section 6603 "shall apply to all commitment proceedigns."

Under the SVPA, a person who has been found to be a sexually violent predator "shall have a current examination of his or her mental condition made at least once every year." Cal. Welf. & Inst. Code § 6605(a). The examination includes consideration of whether the committed person currently meets the definition of a sexually violent predator and whether conditional release to a less restrictive alternative or an unconditional release is in the best interest of the person. Id. If it is determined that the person is no longer a sexually violent predator, or that conditional release to a less restrictive alternative is in the best interest of the person, the director of CDSH shall authorize the person to petition the court for conditional or

unconditional discharge. Cal. Welf. & Inst. Code § 6605(b).

However, even if CDSH fails to recommend Plaintiff for conditional release or unconditional discharge under Section 6608, a detainee may directly petition the court "for conditional release or an unconditional discharge without the recommendation or concurrence of the Director of Mental Health." Id. "The person petitioning for conditional release and unconditional discharge under this subdivision shall be entitled to the assistance of counsel." Id. A petition in this manner is somewhat more restrictive because if the individual had previously filed a petition for conditional release without CDSH's recommendation, and the court determined that the previous petition was frivolous or the individual's condition has not so changed that he or she would not be a danger to others, the court may deny the subsequent petition "unless it contains facts upon which a court could find that the condition of the committed person had so changed that a hearing was warranted." Cal. Welf. & Inst. Code § 6608(a). Further, upon receipt of a first or subsequent petition filed without CDSH's recommendation, the court may deny the petition without a hearing if it determines that the petition is based on frivolous grounds. Id. If a hearing is held and the court determines that the individual would not be a danger to others, the individual is placed in a forensic conditional release program for at least one year and then re-evaluated by the court for unconditional release. Cal. Welf. & Inst. Code § 6608(d). In any hearing under Section 6608, "the petitioner shall have the burden of proof by a preponderance of the evidence." Cal. Welf. & Inst. Code § 6608(i).

**C. Due Process and SVPA**

"[C]ivil commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection." Addington v. Texas, 441 U.S. 418, 425 (1979). '[I]n certain narrow circumstances," states may "provide for the forcible civil detainment of people who are unable to control their behavior and who thereby pose a danger to the public health and safety." Kansas v. Hendricks, 521 U.S. 346, 357 (1997). Statutes providing for involuntary civil commitment have been "consistently upheld . . . provided the confinement takes place pursuant to proper procedures and evidentiary standards." Id. (holding that Kansas Sexually Violent Predator Act comports with due process requirements."

The Court finds that the post-commitment procedures set forth in the SVPA do not violate the Due Process Clause of the Fourteenth Amendment. In civil commitment hearings, the factors relevant in determining whether an individual has been afforded sufficient procedural protections under the due process clause are whether the individual has received: 1) written notice; 2) a hearing at which the evidence being relied upon for the commitment is disclosed to the prisoner; 3) an opportunity at the hearing for the prisoner to be heard in person, to present testimony and documentary evidence, and to cross-examine witnesses called by the state; 4) an independent decision maker; 5) reasoned findings of fact; 6) legal counsel; and 7) effective and timely notice of these rights. See Vitek v. Jones, 445 U.S. 480, 494-97 (1980); Carty v. Nelson, 426 F.3d 1064, 1074 (9th Cir. 2005). Plaintiff has not alleged that he was deprived of any of these procedural protections.

Even if Plaintiff had alleged deficiencies on the part of the evaluators, he cannot state a claim for a due process violation. The evaluators are not the ultimate decision makers who decide whether Plaintiff should continue to be detained. Under the SVPA's scheme, a superior court judge is the ultimate decision maker. The SVPA scheme permits Plaintiff to file a petition in state court for conditional or unconditional release without the recommendation of the evaluators of CDSH. Thus, even if any allegations of procedural deficiency are proven true, the alleged impropriety is of little consequence because Plaintiff can file a petition for release directly to the court and would be entitled to the assistance of an attorney and will have the opportunity to present evidence before a state judge in support of his contention that he is no longer a sexually violent predator within the definition of the SVPA. Presumably, within the petition itself and at any subsequent hearing, Plaintiff will have the opportunity to present evidence in support of his contention that the evaluators' opinions are not worthy of consideration because of their biases. In other words, the SVPA scheme provides for sufficient procedural mechanisms for Plaintiff to challenge the evaluators' conclusions and provides Plaintiff with the opportunity to prove by a preponderance of the evidence in a hearing before a state court judge that he no longer qualifies for civil detainment. The Court finds that the procedural protections provided by California's SVPA do not violate due process. See Robinson

v. Mayberg, No. 09-cv-345-IEG(POR), 2010 WL 2196564 at *7 (S.D. Cal. May 27, 2010)("the procedures for judicial review, set forth in Cal. Welf. & Inst. Code §§ 6605 and 6608 are sufficient to insure that Petitioner's confinement will not continue beyond the point when he no longer suffers from a mental disorder or is no longer dangerous.").

Given the SVPA's scheme for obtaining release from civil confinement, Plaintiff has failed to provide a clear explanation of how he suffered any injury as a result of the evaluators' alleged biases and consideration of improper evidence. Even if the Court were to assume that the evaluators consistently concluded that Plaintiff was unfit for conditional or unconditional release, that did not foreclose Plaintiff's chance for release. Plaintiff could have utilized the procedures outlined under Section 6608 to challenge the evaluators' conclusions. If Plaintiff believed that the evidence used by the evaluators was unreliable, that the evaluators used failed to consider relevant evidence, that the evaluators' conclusions were wrong, that the evaluators were biased, or that the actuarial assessment methodologies used were unreliable, Section 6608 provides ample opportunity for Plaintiff to file a petition in state court and present evidence in support of his contentions. Plaintiff fails to offer any argument as to why the procedural protections offered by Section 6608 are constitutionally insufficient to protect Plaintiff's liberty interests. Plaintiff fails to support a cognizable claim under the Due Process Clause.

## II.

## CONCLUSION AND ORDER

The Court finds the SVPA to be constitutional. As noted above, there is procedure outlined in Section 6608 of the California Welfare and Institutions Code to challenge any conclusions of the evaluators that Plaintiff believes are improper. Based upon the allegations in the complaint, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a claim upon which relief could be granted under 42 U.S.C. § 1983, and further amendment would be futile. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013)("A district court may deny leave to amend when amendment would be futile.") Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 14468-1449 (9th

Cir. 1987).

Accordingly, IT IS HEREBY ORDERED that this action is dismissed for failure to state a claim upon which relief could be granted. The Clerk is directed to close this case.

IT IS SO ORDERED.

Dated:   **January 20, 2016**

UNITED STATES MAGISTRATE JUDGE