# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL F. JENNINGS, | Case No. 1:15-cv-00840-SAB |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |
| v. | (ECF NO. 14) |
| A. AZIZIAN, et al., | |
| Defendants. | |

Plaintiff Jennings is a civil detainee appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's February 12, 2016, motion for reconsideration of the January 20, 2016, order dismissing this action for failure to state a claim upon which relief could be granted.

## I.

## PROCEDURAL HISTORY

This action proceeds on the June 24, 2015 complaint. On January 20, 2016, an order was entered, dismissing this action for failure to state a claim upon which relief could be granted. (ECF No. 9.)[1] On February 3, 2016, Plaintiff filed a Notice of Appeal of the January 20, 2016, order dismissing this action. (ECF No. 11.) On February 12, 2016, Plaintiff filed a motion for reconsideration of the January 20, 2016, order. (ECF No. 14.)  On February 24, 2016, an order

---
[1] Plaintiff filed a consent to proceed before a magistrate judge on June 12, 2015. (ECF No. 5.)

1

was entered by the U.S. Court of Appeals for the Ninth Circuit, holding proceedings in that court in abeyance pending a ruling by this Court on the February 12, 2016, motion for reconsideration. (ECF No. 15.)

## II.

## LEGAL STANDARD

The motion for reconsideration is governed by Rule 60 of the Federal Rules of Civil Procedure and Rule 230 of the Local Rules of the United States District Court, Eastern District of California. Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . . exist." Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008)(internal quotation marks omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(j) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in controlling law." Marlyn Nutraceuticals, Inc., v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009)(internal quotation marks and citations omitted), and "[a] party seeking reconsideration must show more than a disagreement with the court's decision, and recapitulation . . . of that which was already considered by the court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 646, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

///

///

# III.

# ANALYSIS

Plaintiff, a civil detainee housed at Coalinga State Hospital, brought this civil rights action challenging the constitutionality of the Sexually Violent Predator Act (SVPA), Cal. Welf. & Inst. Code §6601(a), under which he is being held. In the order dismissing this action, the Court found that given the SVPA's scheme for obtaining release from civil confinement, Plaintiff failed to show how he suffered any injury as a result of the evaluators' alleged biases and consideration of improper evidence. The Court found that Plaintiff failed to offer any argument as to why the procedural protections offered by Cal. Welf. & Inst. Code § 6608 were constitutionally insufficient to protect Plaintiff's liberty interests. The Court also found that Plaintiff failed to state a cognizable claim under the Due Process Clause.

In his motion for reconsideration, Plaintiff argues that the SVPA statute is invalid, "because SVP patients are denied the right to petition the State Superior Court under Calif. Welf and Inst. Code Section 6608, for unconditional release, a Fourteenth Amendment Due Process violation." (ECF No. 14 3:17-19.) Plaintiff argues that the "new SVP law, passed after 2013, does not allow Plaintiff to petition for unconditional release if the state finds that he meets the definition of an SVP in the subsequent annual review process." (Id. 4:1-2.)

As noted on the order dismissing this action, even if Plaintiff was not recommended for conditional release or unconditional discharge under section 6608, a detainee may directly petition the court "for conditional release or an unconditional discharge without the recommendation or concurrence of the Director of Mental Health." Id. A petition in this manner is somewhat more restrictive because if the individual had previously filed a petition for conditional release without CDSH's recommendation, and the court determined that the previous petition was frivolous or the individual's condition has not so changed that he or she would not be a danger to others, the court may deny the subsequent petition "unless it contains facts upon which a court could find that the condition of the committed person had so changed that a hearing was warranted." Cal. Welf. & Inst. Code § 6608(a)(2015).  Section 6608 clearly provides for a challenge to Plaintiff's continued confinement.

Further, the exclusive method for challenging the fact or duration of an individual's confinement is by filing a petition for writ of habeas corpus. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005); see also 28 U.S.C. § 2254(a). A challenge to the fact or duration of confinement may not be brought by way of a complaint pursuant to 42 U.S.C. § 1983. Nor may Plaintiff seek to invalidate the fact or duration of his confinement indirectly by way of a judicial determination that necessarily implies the unlawfulness of the state's custody. Wilkinson, 544 U.S. at 81. Accordingly, "a state prisoner's [section] 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson, 544 U.S. at 81-82; see also Edwards v. Balisok, 520 U.S. 641, 644-646 (1997) (holding that claims alleging procedural defects and bias by a hearing officer at disciplinary hearing were not cognizable under Heck, because they implied the invalidity of a credit forfeiture imposed at the hearing).

Plaintiff's claim that his due process rights were violated is barred because such claim implicates the validity of his commitment. See Huftile v. MiccoFonseca, 410 F.3d 1136, 1141 (9th Cir. 2005) (concluding that challenge to Sexually Violent Predators Act assessments would imply invalidity of civil commitment and therefore could only be brought in habeas corpus). Thus, until Plaintiff's civil detention has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus," Plaintiff is barred from brining his claims under section 1983.[2] Heck, 512 U.S. at 487. Accordingly, the motion for reconsideration should therefore be denied.

Plaintiff also argues that the reassignment of this case from Judge Austin without notification to the Plaintiff was improper. On August 17, 2015, an order was entered by Chief

---

[2] Although claims for injunctive relief are not barred by Heck and Plaintiff entitles his complaint as a request for injunctive relief, Plaintiff is seeking a declaratory judgment that his rights were violated resulting in his release from detention and compensatory damages for such violation. (ECF No. 1.) Further, to the extent Plaintiff seeks release from custody to a conditional hospital discharge, Plaintiff's claims here directly challenge his custody which may not be brought by way of section 1983 action.

U.S. District Judge England, reassigning this action based upon the retirement of Judge Austin. (ECF No. 8.) Plaintiff was properly served with the order, and that is all the notice required.

## IV.

## CONCLUSION AND ORDER

Plaintiff has not met the high burden of coming forward with facts or law of such a strongly convincing nature as to induce the Court to reverse the order dismissing Plaintiff's complaint for failure to state a claim upon which relief could be granted. Plaintiff's central claim is that the Sexually Violent Predator Act is invalid. The Court found the SVPA to be constitutional, and found that there were procedures available to challenge any conclusions of the evaluators that Plaintiff believed were improper. Plaintiff's argument that the SVPA precludes his ability to petition for unconditional release is without legal foundation.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration filed on February 12, 2016, is DENIED.
2. The Clerk shall serve a copy of this order on the U.S. Court of Appeals for the Ninth Circuit.

IT IS SO ORDERED.

Dated:   **March 2, 2016**

UNITED STATES MAGISTRATE JUDGE